## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| **LATONYA JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.:** _____ |
| **vs.** | ) |
| | ) *Jury Trial Demanded* |
| **WALMART, INC. f/k/a WAL-MART STORES, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## <u>COMPLAINT</u>

COMES NOW Plaintiff LaTonya Jackson by and through her undersigned counsel of record, and hereby file this personal injury, product liability action against Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. Plaintiff alleges, and states as follows.

## PARTIES

1.     Plaintiff LaTonya Jackson is a Georgia citizen and natural person over the age of 18 who resides in Troup County now and who also resided in Troup County at the time of the incident that is the basis of this lawsuit.

2.     Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Defendant Walmart") designs, manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject 7-in-1 programmable pressure cooker at issue in this case.

3. Defendant Walmart is incorporated in the State of Delaware and has a principal place of business at 702 SW 8th Street, Bentonville, AR, 72716. Defendant Walmart is authorized to conduct business in the State of Georgia and has a registered agent located at 410 Peachtree Parkway, Suite 4245, Cumming, GA, 30041.

4. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

6. Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391, as the injuries sustained by the Plaintiff occurred in Troup County, Georgia and within the Northern District of Georgia, Newnan Division.

## FACTS

7. On or about November 28, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the

normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

8.      Plaintiff's injuries were the direct and proximate result of the pressure cooker's lid being able to be rotated, removed, and/or opened while the pressure cooker was still under pressure, during the normal, directed, and/or foreseeable use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff.

9.      Following immediate transport to the hospital, Plaintiff was life-flighted by helicopter to another facility where she received burn treatment. Plaintiff suffers from permanent disfigurement as a result of her injuries.

10.     This incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of the Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

11.     The subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart.

<u>**PRODUCT BACKGROUND**</u>

3

12.    Defendant Walmart is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

13.    Defendant Walmart markets the subject pressure cook stating that it is an easy and safe culinary product intended to cook food in a fraction of the normal time as traditional methods by trapping heat and pressure inside of the sealed cook chamber that reaches extremely high internal temperatures. Defendant Walmart touts and markets that its Pressure Cookers are designed with important safeguards that prevent the lid from unlocking until the float valve drops down by itself.

14.    The subject pressure cooker was defectively and negligently designed and manufactured by Defendant Walmart in that it failed to properly function as to prevent the lid from opening or being removed while the unit remained pressurized, during the ordinary, foreseeable, and proper use of cooking food with the product, placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

15.    Defendant Walmart's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

4

16.    Economic, safer alternative designs were available that would have prevented the pressure cooker's lid from opening or being removed while pressurized.

17.    As a direct and proximate result of Defendant Walmart's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

18.    Consequently, the Plaintiff in this case seeks compensatory damages result from the use of Defendant Walmart's pressure cooker which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**COUNT ONE**
**STRICT LIABILITY**

19.    Plaintiff adopts and realleges paragraphs 1-18 as previously set forth in this Complaint as if fully set out herein.

20.    Defendant Walmart designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, warranted, and/or distributed the subject pressure cooker. The pressure cooker as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, and/or distributed by

Defendant Walmart was in an unsafe and defective condition which was hazardous to its users. The subject pressure cooker was in this unsafe condition at the time it left Defendant Walmart's possession.

21.    The subject pressure cooker was expected to, and did, reach the usual consumers (including the Plaintiff), handlers, and persons coming into contact with the subject pressure cooker without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Defendant Walmart.

22.    At the time of Plaintiff's injuries, Defendant Walmart's pressure cooker was defective and unreasonably dangerous for use by foreseeable consumers including Plaintiff.

23.    The pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a foreseeable manner.

24.    At all times relevant hereto, the subject pressure cooker was defective and not fit for its intended purpose by design and/or manufacture because:

(a) The subject pressure cooker failed to provide adequate and reasonable protection to consumers during foreseeable use as it was designed in such a way that allowed the scalding contents of the pressure cooker to be expelled during normal operation.

(b) The "Safety Features" of the subject pressure cooker failed to provide adequate and reasonable protection to consumers, including the Plaintiff, by failing to properly function resulting in scalding hot contents of the pressure cooker being released during normal operation.

(c) The lid of the subject pressure cooker could be removed with normal force while the unit remained pressurized, despite the appearance that all pressure had been released.

(d) The subject pressure cooker was defective due to Defendant Walmart's failure to test or adequately test the pressure cooker and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) The subject pressure cooker was defective due to inadequate or absent warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

(f) The subject pressure cooker was advertised and marketed to be a reasonably safe product with safety features, thereby leading consumers (including the Plaintiff) to believe that it was reasonably safe for its intended purpose when it was not.

(g) At the time the subject pressure cooker left the control of Defendant Walmart, it could have adopted safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects without compromising the pressure cooker's usefulness, practicality and desirability.

(h) The subject pressure cooker was generally defective in its design, manufacture, testing, assembly and warnings.

25.    The dangerous nature of the defects herein described created a high probability that the subject pressure cooker when put to its normal, intended and foreseeable use would cause or allow the hot contents of the unit to be expelled, resulting in severe and permanent person injuries to users of the subject pressure cooker. Defendant Walmart knew of this risk prior to production, marketing, and sale of the subject pressure cooker and designed, manufactured, marketed and sold the subject pressure cooker which caused the injuries complained of herein.

26.    The aforesaid defects were not known to the Plaintiff and were not discoverable through reasonable inspection.

27.    Defendant Walmart was in a position superior to that of Plaintiff to know and discover the aforementioned defects. Defendant Walmart had actual or constructive knowledge of said defects yet failed to recall the subject pressure cooker.

28.    The risks inherent in the design of the subject pressure cooker outweigh its utility.

29.    At the time and place of the occurrence made the basis of this lawsuit, the subject pressure cooker was being used for its ordinary and intended and foreseeable purpose, and in an ordinary intended and foreseeable manner. Plaintiff was a foreseeable user of the subject pressure cooker.

30.    The above-described defects in the subject pressure cooker were the proximate cause of the severe burn injuries and damages suffered by the Plaintiff.

## COUNT TWO
## NEGLIGENCE

31.    Plaintiff adopts and realleges paragraphs 1-25 as previously set forth in this Complaint as if fully set out herein.

32.    Defendant Walmart was negligent in designing, manufacturing, assembling, testing, inspecting, labeling, distributing, marketing, and/or selling the subject pressure cooker.

8

33.   Defendant Walmart owed a duty to design, manufacture, assemble, test, inspect, label, distribute, market, and sell a product free from defects in material and workmanship that is safe and functional for consumer use.

34.   At all times relevant hereto, Defendant Walmart was negligent in at least the following respects in the design, manufacture, assembling, testing, inspecting, labelling, distributing, marketing, advertising, warning, and selling regarding the subject pressure cooker:

(a) Improper design and/or manufacture of the subject pressure cooker by failing to provide adequate and reasonable protection to consumers during foreseeable use as the pressure cooker was designed in such a way that allowed the scalding contents of the pressure cooker to be expelled during normal operation.

(b) Improper design and/or manufacture of the "Safety Features" of the subject pressure cooker which failed to provide adequate and reasonable protection to consumers, including the Plaintiff, by failing to properly function resulting in scalding hot contents of the Pressure Cooker being released during normal operation.

(c) Improper design and/or manufacture of pressure cooker as the lid of the subject pressure cooker could be removed with normal force while the unit remained pressurized, despite the appearance that all pressure had been released.

(d) Failure to test or adequately test the pressure cooker and its parts to ensure they were reasonably safe and suitable for their intended purpose.

(e) Failure to provide reasonable and adequate warnings and/or proper notice to alert users regarding the hazardous conditions as described herein, involving its use and operation.

9

(f) Advertising and marketing claiming the subject pressure cooker to be a reasonably safe product with "Safety Features" leading consumers, including the Plaintiff, to believe that it was reasonably safe for its intended purpose when it was not.

(g) Failure to adopt safer, practical, feasible and otherwise reasonable alternative designs that would have eliminated or minimized the defects without compromising the pressure cooker's usefulness, practicality and desirability.

(h) Improper design, manufacture, testing, assembly and warnings regarding the subject pressure cooker.

(i) Failure to recall the subject pressure cooker despite having actual or constructive knowledge of the dangers and hazards posed by it.

35.    Defendant Walmart breached its duties, and its negligent conduct was the proximate cause of the severe and permanent burn injuries suffered by the Plaintiff.

36.    As a direct and proximate result of Defendant Walmart's negligence, Plaintiff suffered severe burn injuries and damages.

## COUNT THREE
## BREACH OF WARRANTY

37.    Plaintiff adopts and realleges paragraphs 1-36 as previously set forth in this Complaint as if fully set out herein.

38.    Defendant Walmart impliedly warranted that the subject pressure cooker was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that Defendant Walmart breached said implied warranties in that the subject pressure cooker was not reasonably fit and suitable for the purposes

for which it was intended to be used but, to the contrary, the subject pressure cooker was defective and in an unsafe condition, as described herein. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by Defendant Walmart, she suffered severe and traumatic burn injuries.

39.   The aforesaid wrongful conduct of Defendant Walmart proximately caused Plaintiff's severe and permanent injuries.

## COUNT FOUR
## PUNITIVE DAMAGES

40.   Plaintiff adopts and realleges paragraphs 1-39 as previously set forth in this Complaint as if fully set out herein.

41.   Defendant Walmart designed, developed, manufactured, marketed, assembled, tested, distributed, sold, and placed the subject pressure cooker into the stream of commerce.

42.   Before the incident made the basis of this Complaint, Defendant Walmart was aware of the defects and dangerous conditions that exist with the subject pressure cooker.

43.   In fact, Defendant Walmart is aware of multiple other incidents of terrible burns from Defendant Walmart's pressure cookers throughout the country similar to the foregoing matter, resulting in severe, permanent, disabling and disfiguring injuries to consumers, which it knew about before the subject incident took place.

11

44.   Despite being on notice of other incidents substantially similar to the foregoing matter, involving the same or similar products and the same or similar harm to consumers, Defendant Walmart consciously and intentionally failed to take any proper action to warn, recall, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular from the use of its product.

45.   Defendant Walmart had actual knowledge that the subject pressure cooker posed a severe danger and threat of serious injury to consumers but did not warn or adequately inform or educate retailers, wholesalers, or the public of said dangers, but instead, continued to sell the products for profit and allowed injuries to persist.

46.   Defendant Walmart engaged in intentional misconduct when they put an unsafe product on the market without adequate testing; without a failure mode effect analysis for the production and design of the subject pressure cooker; without quality controls in place for evaluating and testing moisture or temperature; or without testing being conducted to verify performance.

47.   Defendant Walmart withheld information about their fraudulent conduct as the pressure cookers began to fail, causing serious injury to consumers.

48.   Defendant Walmart knew that their concealment and misrepresentations of said hazardous conditions and defects had a high probability of causing injury or damage because the defective pressure cookers remain in the

stream of commerce and continue to be used by consumers who believed the product to be safe.

49.    Defendant Walmart intentionally withheld information about the pressure cooker defect from its customers to protect their profits.

50.    These acts and omissions of Defendant Walmart show willful misconduct, malice, wantonness, oppression, or that entire want of care which raise the presumption of conscious indifference to consequences.

51.    Plaintiff, therefore, pursuant to O.C.G.A. § 51-12-5.1(b) and O.C.G.A. § 51-12-5.1(b), is entitled to recover punitive damages without limitation or cap against Defendant Walmart in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LaTonya Jackson prays and respectfully demands the following:

(a)    That summons and service be perfected upon Defendant Walmart requiring Defendant Walmart to be and appear in this Court within the time required by law and to answer this Complaint;

(b)    That Plaintiff be awarded compensatory damages against Defendant Walmart for her physical and emotional pain and suffering, disfigurement, loss of enjoyment of life, and any other

13

like damages available under Georgia law in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

(c) That Plaintiff be awarded special damages against Defendant for their past, present, and future medical expenses; and past, present and future loss of income and earnings in such an amount as may be shown by the evidence and proven at trial;

(d) That Plaintiff be awarded punitive damages without limitation or cap against Defendant in such an amount as may be shown by the evidence and determined by the jury in their enlightened conscience;

(e) That Defendant be charged with all Court costs attributable to this action including attorney's fees and such other costs reasonably incurred in the prosecution and trial of this case; and

(f) That Plaintiff be granted such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 19th day of July, 2024.

/s/ T. Preston Moore II
**T. Preston Moore II**

14

Georgia Bar No. 654230
**Thomas P. Willingham**
Georgia Bar No. 235049
**Mary Leah Miller**
Georgia Bar No. 933581
**Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.**
2839 Paces Ferry Road SE
Suite 400, Overlook II
Atlanta, GA  30339
(404) 751-1162 telephone
(888) 212-9702 facsimile
preston.moore@beasleyallen.com
tom.willingham@beasleyallen.com
maryleah.miller@beasleyallen.com

*Counsel for Plaintiffs*